**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**ANTONIO ENGLISH**                                                                **PETITIONER**

**v.**                                                                **No. 2:10CR4-SA-DAS**

**UNITED STATES OF AMERICA**                                                **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the motion of Antonio English to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion; Mr. English has replied, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2255

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the

1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.*

### Section 2255 Proceedings

Section 2255 of the United States Code permits an inmate serving a sentence after conviction of a federal crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require

the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**Facts and Procedural Posture**

Antonio English pled guilty to Conspiracy to Steal Firearms in violation of 18 U.S.C. §

371 (Count One) and being a Felon in Possession of a Firearm in violation of 18 U.S.C. §

922(g)(1) (Count Seven). On September 12, 2011, English was sentenced to 60 months of

incarceration on Count One and 120 months on Count Seven, to run consecutively to one

another.

Mr. English then filed a motion to vacate sentence under 28 U.S.C. § 2255, in which he

presents the following claim for relief: Under *Johnson v. United States*, 135 S.Ct. 2551 (2015), his

sentence violated his right to due process because 18 U.S.C. § 924 (the Armed Career Criminal Act) is

unconstitutionally vague. The government has responded to the motion, and Mr. English has replied.

The matter is ripe for resolution. For the reasons set forth below, the instant motion under 28 U.S.C. §

2255 to vacate, set aside, or correct sentence will be denied.

**The *Johnson* Decision**

Antonio English argues that, under *Johnson v. United States*, 135 S.Ct. 2551 (2015), his

conviction for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1) is not a crime

of violence and, as such, his conviction and sentence in Count II is invalid. In *Johnson* the Supreme

Court considered the constitutionality of the "residual clause" of the Armed Career Criminal Act

("ACCA"), which permits the court to increase the sentence of a convicted felon who "has three

previous convictions … for a violent felony or a serious drug offense, or both…." 18 U.S.C.A. §

924(e)(1). The ACCA defines a "violent felony" as a crime punishable by more than one year that:

    (i)     has as an element the use, attempted use, or threatened use of physical force
          against the person of another; or

    (ii)    is burglary, arson, or extortion, involves the use of explosives, *or otherwise*
          *involves conduct that presents a serious potential risk of physical injury to*

*another…*

18 U.S.C.A. §924(e)(2)(B)(emphasis added).  The definition contained in paragraph (i) is known as

the "elements" clause.  The non-italicized offenses listed in paragraph (ii) are the "enumerated

offenses."  The italicized words found in (ii), which describes conduct that "presents a serious risk of

physical injury to another" are known as the Act's "residual" clause.  The Supreme Court held only

the residual claim to be unconstitutional for vagueness.  The Court found that, for the purposes of the

ACCA, "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies

fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S.Ct. at 2557.  As

such, the Court ultimately held that the residual clause of the ACCA is unconstitutionally vague.[1]  *Id.*

at 2563.  The decision in *Johnson* made a new rule of constitutional law that was recognized as

retroactive to cases on collateral review one year later in the case of *Welch v. United States*, 136

S. Ct. 1257, 1265 (2016).

### *Johnson* Does Not Apply to the Instant Case

Mr. English was not charged, convicted, or sentenced as an Armed  Career Criminal

under 18 U.S.C. § 924(e); instead, he was convicted for being a Felon in Possession of a Firearm

in violation of 18 U.S.C. § 922(g)(1), which reads, in relevant part:

> It shall be unlawful for any person … who has been convicted in any court of, a crime
> punishable by imprisonment for a term exceeding one year … to … possess in or
> affecting commerce, any firearm or ammunition ….

Mr. English has focused on the penalty provision of § 922(g)(1), which may be found in 18

U.S.C. § 924(a)(2), as that section was mentioned in his indictment and plea.  Section 924(a)(2)

---

[1] The Court cautioned, however, that "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*

reads, in relevant part, "Whoever knowingly violates subsection … (g) … of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."  In any event, the *Johnson* decision has no bearing on the offenses for which English was convicted – or the penalty provisions of 18 U.S.C. § 924(a)(2).  *Johnson* invalidated only the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) and has no application to the instant case.  For this reason, the instant motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 will be denied.

### Conclusion

In sum, the instant motion to vacate, set aside, or correct sentence will be denied.  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 29th day of May, 2018.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE